JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04485-RGK | | Date | January 16, 2026 |
|---|---|---|---|---|
| Title | *In Re Alpha Beta Gamma Trust* | | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Appellant: | | Attorneys Present for Appellee: |
| Not Present | | Not Present |

**Proceedings:**        **(IN CHAMBERS) Order Re: Bankruptcy Appeal**

## I.    INTRODUCTION

This appeal concerns the sale of real property by a bankruptcy debtor. On August 5, 2024, Alpha Beta Gamma Trust ("Debtor") filed a petition for Chapter 7 bankruptcy and appointed William H. Avery ("Appellee") as its bankruptcy trustee. Subsequently, the Bankruptcy Court granted Appellee's application to employ a real estate broker to assist with the sale of a parcel of real property located in Sunland, California (the "Property").

Shortly after the Application was approved, Scott Eric Rosenstiel ("Appellant") filed a Complaint for a quiet title action in state court against Appellee, asserting that Debtor, and by extension, Appellee, lacked authority to sell the Property (the "Action"). Accordingly, Appellant asserted claims for quiet title, *Bivens*, declaratory and injunctive relief, and tortious interference with a contract.[1]

On January 14, 2025, Appellee removed the Action to Bankruptcy Court as an adversarial proceeding. On February 18, 2025, Appellee filed a motion to dismiss and a motion for sanctions. While those motions were pending, on April 18, 2025, the Bankruptcy Court approved the sale of the Property. A few weeks later, on May 5, 2025, the Bankruptcy Court granted Appellee's motions, dismissing the Complaint with prejudice and ordering Appellant and his counsel to pay over $90,000 in sanctions. Dissatisfied with this result, on May 19, 2025, Appellant filed a Notice of Appeal with this Court, seeking review of the Bankruptcy Court's dismissal order ("Order"). (ECF No. 1.)[2]

---

[1] Appellant also asserted claims against several other parties, including the real estate broker. However, these other claims and parties are not relevant to the instant appeal.

[2] In the Opening Brief, Appellant also requests the Court overturn the Bankruptcy Court's order issuing sanctions. (ECF No. 31.) However, Appellant failed to identify or include any reference to that order in the Notice of Appeal, thus failing to comply with the requirements of Federal Rule of Bankruptcy Procedure 8003. Accordingly, the Court will only review the Bankruptcy Court's Order identified in the Notice of Appeal. *See In re Fridman*, 2022 WL 18670440, at *3 (C.D. Cal. Oct. 15, 2022) (holding the same).

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | | Date | January 16, 2026 |
|---|---|---|---|---|
| Title | *In Re Alpha Beta Gamma Trust* | | | |

For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's Order.

## II.    FACTUAL BACKGROUND

The following facts are based on the record on appeal:

On August 5, 2024, Debtor filed a petition for Chapter 7 bankruptcy, brought under Title 11 of the United States Code, and appointed Appellee as its bankruptcy trustee. In the bankruptcy proceeding, Debtor identified the Property as its principal asset. On October 14, 2024, Appellee filed an application seeking the Bankruptcy Court's permission to employ a real estate broker to assist with the sale of the Property (the "Application"). On December 17, 2024, the Bankruptcy Court granted the Application.

On December 30, 2024, Appellant filed a Complaint for the Action in Superior Court against Appellee. Appellant alleged that the Property had been in Debtor's possession until the Property was conveyed to the Federal Homeowners Relief Foundation ("FHRF"), which in turn, leased the Property to Appellant. Consequently, Debtor, and by extension, Appellee, lacked authority to administrate the Property. Despite this alleged lack of authority, Appellee employed a real estate broker to sell the property. Accordingly, Appellant asserted the following causes of action against Appellee: quiet title and enforcement of prior title judgments, a *Bivens* claim, declaratory and injunctive relief, and tortious interference with a contract between Appellant and the FHRF.

On January 14, 2025, Appellee removed the Action to Bankruptcy Court as an adversarial proceeding. On February 18, 2025, Appellee filed a motion to dismiss in Bankruptcy Court. In the motion to dismiss, Appellee argued that the action should be dismissed because (1) the Bankruptcy Court had jurisdiction over the Action, and (2) filing the Complaint in state court violated the *Barton* doctrine.[3] While the motion was pending, on April 18, 2025, the Bankruptcy Court approved the sale of the Property. On May 5, 2025, after a hearing on the motion to dismiss was held, the Bankruptcy Court granted the motion, dismissing the Complaint with prejudice.

## III.    JURISDICTION

The Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1), as the challenged dismissal order was with prejudice, and therefore constitutes a final judgment.[4]

---

[3] *See Barton v. Barbour*, 104 U.S. 126 (1881).

[4] In the Response Brief, Appellee states this lawsuit is interlocutory and frivolous, but concedes the Court has jurisdiction. (*See* ECF No. 32.) Thus, the Court understands there to be no challenge to its jurisdiction to review the present appeal.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | Date | January 16, 2026 |
|---|---|---|---|
| Title | ***In Re Alpha Beta Gamma Trust*** | | |

## IV.   JUDICIAL STANDARD

Courts review *de novo* a bankruptcy court's dismissal of an adversary proceeding under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *In re EPD Inv. Co., LLC*, 523 B.R. 680, 684 (B.A.P. 9th Cir. 2015). A dismissal without leave to amend is then reviewed for abuse of discretion. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). Where amendment would be futile, denying leave to amend is not an abuse of discretion. *Id.* at 1155.

Under Rule 12(b)(6), "[a] complaint may be dismissed . . . only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The court must consider the complaint, materials incorporated into the complaint by reference, and matters of judicial notice. *Tellabs*, 551 U.S. at 322.

## V.   DISCUSSION

Appellant appeals the Bankruptcy Court's dismissal of his Complaint with prejudice, primarily arguing that the Bankruptcy Court did not have jurisdiction, the *Barton* doctrine does not apply to the Action, and even if the *Barton* doctrine is applicable, the *Barton* doctrine does not warrant dismissal.[5] Appellee opposes each of these points, and argues that even if the *Barton* doctrine does not warrant

---

[5] Appellant raises additional arguments in his Opening Brief, including that the *Rooker-Feldman* doctrine required Appellant to file the lawsuit in state court and 28 U.S.C. § 1738 requires this Court and the Bankruptcy Court to give full faith and credit to Appellant's judgments. However, this appeal is limited to the Bankruptcy Court's dismissal order that found that the *Barton* doctrine applied, and Appellee was entitled to immunity. Accordingly, the Court finds these additional arguments outside the bounds of consideration for the instant appeal.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04485-RGK | Date | January 16, 2026 |
|---|---|---|---|
| Title | ***In Re Alpha Beta Gamma Trust*** | | |

dismissal of the Action, the Complaint was still properly dismissed because Appellee is entitled to immunity. The Court addresses each of these arguments in turn.

### A.   Whether The Bankruptcy Court Had Jurisdiction

Appellant argues that the Bankruptcy Court did not have jurisdiction to render judgment over the Action because Appellant demanded a trial by jury in the Complaint and he did not otherwise consent to its jurisdiction. Appellee opposes, arguing that the Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (O). The Court agrees with Appellee.

Under 28 U.S.C. § 1334, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11[, for Bankruptcy], or arising in or related to cases under title 11." *Id.* § 1334(b). "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11 . . . . The meaning of 'arising in' proceedings is less clear, but seems to be a reference to those 'administrative' matters that arise only in bankruptcy cases. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir.1995) (internal quotation marks omitted). "[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Id.* (holding that a complaint asserting state law claims filed post-petition against a bankruptcy trustee for conduct intertwined with the trustee's sale of property belonging to the bankruptcy estate involved a core proceeding subject to federal jurisdiction).

Similarly, under 28 U.S.C. § 157(b), "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims" are core proceedings. *Id.* § 157(b)(2)(A), (O). "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, . . . and may enter appropriate orders and judgments." *Id.* § 157(b)(1).

Here, Appellant filed a post-petition Complaint alleging various claims, including under state law, against Appellee, the appointed trustee, for administering the Property in the bankruptcy proceeding. Thus, even though Appellant's Action asserted state law claims, it was inextricably tied to questions concerning the proper administration of the Debtor's estate. Accordingly, Appellant's Action against Appellee was within the scope of 28 U.S.C. §§ 1334 and 157(b). *See also In re DeLorean Motor Co.*, 155 B.R. 521, 525 (B.A.P. 9th Cir. 1993) (holding that an action arising from the efforts of trustees to administer the estate was within the scope of 28 U.S.C. §§ 1334 and 157(b)).

Appellant's demand for a trial by jury in the Action does not impact this jurisdictional finding. "The Ninth Circuit Court of Appeals held in *Healthcentral.com* that the assertion of a jury trial right

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | | Date | January 16, 2026 |
|----------|-------------------|--|------|------------------|
| Title | *In Re Alpha Beta Gamma Trust* | | | |

does not require a district court to immediately take control of a bankruptcy proceeding; the bankruptcy court is authorized to handle all pretrial matters, even when it is not authorized to conduct the jury trial." *In re Jafroodi*, 2025 WL 3539243, *10 (Bankr. C.D. Cal. Nov. 30, 2025) (citing *In re Healthcentral.com*, 504 F.3d 775 (9th Cir. 2007)). Accordingly, even though Appellant demanded a jury trial and did not consent to the Bankruptcy Court's jurisdiction, the Bankruptcy Court retained jurisdiction over the Action for pretrial matters, like the motion to dismiss that precipitated the appealed dismissal. *See In re Healthcentral.com*, 504 F.3d at 787 (holding that allowing the bankruptcy court to retain jurisdiction over pretrial matters did not abridge a party's Seventh Amendment right to a jury trial).

Since the Bankruptcy Court had jurisdiction over the Action, the Court proceeds to consider whether the *Barton* doctrine applied and warranted dismissal.

### B.    The *Barton* Doctrine

The Bankruptcy Court dismissed the Action under the *Barton* Doctrine because Appellant failed to first seek leave from the Bankruptcy Court before filing the Action against the court-appointed trustee and real estate broker in state court.

Under the *Barton* doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005). "The essence of the *Barton* doctrine is that parties may not commence or maintain unauthorized litigation. The only appropriate remedy, therefore, is to order cessation of the improper action." *Id.* at 976.

It is undisputed that Appellant failed to obtain leave of the Bankruptcy Court prior to suing Appellee. Rather, Appellant argues that (1) the *Barton* doctrine does not apply because the Action is based on a claim that the Property does not belong to the Debtor; and (2) even if the *Barton* doctrine did apply, all issues under the doctrine disappeared when the Action was removed to the Bankruptcy Court. The Court addresses each of these arguments in turn.

#### 1.    *Whether The Barton Doctrine Applies*

Appellant argues that the *Barton* Doctrine does not apply because the Action is premised on the claim that Appellee administered Property that did not belong to the Debtor.

There are two exceptions to the *Barton* doctrine. "First, leave of the bankruptcy court is not required 'when a trustee acts in excess of his authority and is sued in a state court for such acts.'" *In re Harris*, 2007 WL 2456202, *8 (S.D. Cal. Aug. 21, 2007), *aff'd*, 590 F.3d 730 (9th Cir. 2009) (quoting

---

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | | Date | January 16, 2026 |
|---|---|---|---|---|
| Title | *In Re Alpha Beta Gamma Trust* | | | |

*Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967) (holding that "a trustee wrongfully possessing property which is not an asset of the estate may be sued for damages arising out of his illegal occupation in a state court without leave of his appointing court")).

Here, Debtor identified the Property as its principal asset in its Chapter 7 bankruptcy proceeding. (*See, e.g.*, Appellant's Br. App. ("App.") at 167, ECF No. 31-1).[6] The Bankruptcy Court expressly approved Appellee's Application to hire the real estate broker to sell the Property at issue, and to subsequently do so. (*See* App. at 5; *see also* Order Granting App. Real Estate Broker, *In re Alpha Beta Gamma Trust*, No. 2:24-bk-16225-BR (hereinafter, "Bankruptcy Proceeding"), ECF No. 54 (Bankr. C.D. Cal. Dec. 17, 2024); Order Granting Mot. to Sell Property, Bankruptcy Proceeding, ECF No. 102 (Bankr. C.D. Cal. Apr. 9, 2025); *see also* Mot. to Dismiss Tr., Bankruptcy Proceeding, ECF No. 112 (Bankr. C.D. Cal. Aug. 22, 2025).) Thus, inherent in the Bankruptcy Court's orders is that hiring the real estate broker to sell the Property the Debtor identified in the bankruptcy proceeding as its principal asset was within the trustee's authority. *In re Harris*, 2007 WL 2456202 at *8 ("Inherent in the Bankruptcy Court's orders [approving the sale of the property at issue] is that the sale and the fees associated with the sale . . . were within the scope of the trustee's authority."). "If, in circumstances such as are present here, a party could evade the requirements of the *Barton* doctrine simply by alleging that the trustee and/or her agents acted outside the trustee's authority, then the exception would swallow the rule." *Id.* Thus, rather than acting outside the scope of authority the Bankruptcy Court granted the trustee, like taking an action with the Property the Bankruptcy Court had not approved, here, Appellee's acts at issue were conducted after receiving approval from the Bankruptcy Court. Accordingly, the first exception is inapplicable.

The second exception to this doctrine is codified in 28 U.S.C. § 959, providing that "[t]rustees . . . of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property," and that appointed trustees "shall manage and operate the property in his possession as such trustee . . . according to the requirements of the valid laws of the State in which such property is situated." 28 U.S.C. § 959. "By its terms, this limited exception applies only if the trustee or other officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *In re Crown Vantage, Inc.*, 421 F.3d at 971–72

---

[6] Notably, the *same* attorney signed on behalf of the Debtor in its Voluntary Petition for Filing for Bankruptcy, in which Debtor purported it owned the Property, and on behalf of Appellant in his Opening Brief, in which Appellant purports the Debtor does not own the Property. *Compare* App. at 167–71, *with* Appellant's Opening Br., ECF No. 31.) In the Response Brief, Appellee elucidates further on Appellant's counsel's continuous contradictory positions on the Property's ownership in court filings. (*See* Appellee's Resp. Br. at 8, ECF No. 32.) Thus, it appears prudent to the Court to remind Appellant's counsel that as an officer of the court, he has an obligation and duty to be honest and candid in his representations to the Court. *See* Fed. R. Civ. P. 11.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | Date | January 16, 2026 |
|---|---|---|---|
| Title | ***In Re Alpha Beta Gamma Trust*** | | |

(internal quotation marks omitted) (noting suits for wrongful use of another's property is one of the few examples of suits allowed under § 959(a)).

Here, Appellant argues the Action falls within this second exception because the FHRF's claim to the Property lies within a deed, which is essentially a contract that can be litigated in any court where the trustee may be sued. However, "Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate." *Id.* at 972 (internal quotation marks omitted). Here, Appellee was not operating the business previously conducted by the Debtor but rather was administering the sale of the Debtor's assets as identified in the bankruptcy proceeding and approved of by the Bankruptcy Court. "This is precisely the type of activity that the *Barton* doctrine was designed to protect. Thus, the limited exception to the Barton doctrine contained in § 959(a) does not apply." *Id.*; *see also In re Harris*, 2007 WL 2456202 at *9 (holding that § 959 did not apply to a lawsuit concerning a trustee's alleged misconduct in the administration of the debtor's bankruptcy estate).

Accordingly, the Court finds that the *Barton* doctrine applies to the Action.

### 2.    *Whether Removal Eliminated Issues Under The Barton Doctrine*

Next, the Court considers Appellant's argument that removing the Action to the Bankruptcy Court eliminated issues under the *Barton* doctrine. "The *Barton* doctrine is a practical tool to ensure that all lawsuits that could affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). Thus, the Ninth Circuit has held that when a case against an appointed trustee is removed to the appointed bankruptcy court, "all problems under the *Barton* doctrine vanish[ ]." *Id.* (holding a bankruptcy court erred when it dismissed a plaintiff's action against an appointed trustee under the *Barton* doctrine because the action was removed to the appointing court).

Here, Appellant's Action was removed from state court to the appointing Bankruptcy Court. Thus, the problems under the *Barton* doctrine were resolved, and the Bankruptcy Court erred when it dismissed the Action under the doctrine. However, this error does not affect the result because the Court affirms the Bankruptcy Court's finding that Appellee is entitled to quasi-judicial immunity, and therefore Appellant failed to state a claim upon which relief can be granted.

### C.    Quasi-Judicial Immunity

The Bankruptcy Court held that as the appointed trustee, Appellee was entitled to quasi-judicial immunity. (*See* Mot. to Dismiss Tr. at 6:8–9.) "Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989). As the appointed trustee, Appellee benefits from immunity if he satisfies "the following four elements: (1) [his] acts were within the scope of their authority; (2) the

---

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04485-RGK | Date | January 16, 2026 |
|---|---|---|---|
| Title | *In Re Alpha Beta Gamma Trust* | | |

debtor had notice of [his] proposed acts; (3) [he] candidly disclosed [his] proposed acts to the bankruptcy court; and (4) the bankruptcy court approved [his] acts." *In re Harris*, 590 F.3d at 742 (citing to *Bennett*, 892 F.2d at 823, 825).

Here, Appellee has sufficiently demonstrated quasi-judicial immunity applies. First, Appellee's Application to hire a real estate broker to sell the Property was within the scope of his authority as a trustee. *See* 11 U.S.C. § 704(a)(4) ("The trustee shall . . . investigate the financial affairs of the debtor[.]"). Second, the Debtor had notice of the Trustee's Application and planned sale of the Property, evident in the Debtor's opposition and appeal of the Application. *See* Debtor's Opp. to App., Bankruptcy Proceeding, ECF No. 42 (Bankr. C.D. Cal. Oct. 28, 2024); Debtor's Appeal to Order Granting App., Bankruptcy Proceeding, ECF No. 57 (Bankr. C.D. Cal. Dec. 31, 2024). Third, given Appellee's Application, Appellee candidly disclosed his proposed act of hiring a real estate broker to help sell the Property to the Bankruptcy Court. Fourth, and finally, the Bankruptcy Court approved of his acts, evident in its order approving the Application. *See* Order Granting App., Bankruptcy Proceeding, ECF No. 54 (Bankr. C.D. Cal. Dec. 17, 2024).

Accordingly, Appellee is entitled to quasi-judicial immunity and thus is immune from the Action.

### VI.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Order dismissing Appellant's Complaint.

**IT IS SO ORDERED.**

cc: USBC Central District of California at Los Angeles, 2:24-bk-16225-BR / 2:25-ap-01011-BR

_____ : _____

Initials of Preparer                    JRE/gz